818 P.2d 163

**In the Matter of the Appeal in YA-VAPAI COUNTY JUVENILE ACTION NO. J–9956.**

**No. 1 CA–JUV 90–010.**

Court of Appeals of Arizona, Division 1, Department E.

Feb. 21, 1991.

Redesignated as Opinion and Publication Ordered May 23, 1991.

Review Denied Oct. 22, 1991.

Charles Anthony Shaw, Prescott, for appellant natural mother.

Rhonda L. Repp, Prescott, for appellee ADES.

Howard D. Hinson, Jr., Prescott, for minor children.

## OPINION

This appeal has been considered by the court, Presiding Judge EDWARD C. VOSS, and Judges NOEL FIDEL and SARAH D. GRANT participating.

This is an appeal of the trial court's decision to terminate the natural mother's parental rights of two of her children pursuant to A.R.S. § 8–533(B)(3) and (6). The natural mother raises three issues on appeal:

(1) Whether clear and convincing evidence exists to support termination based upon A.R.S. § 8–533(B)(3).

(2) Whether clear and convincing evidence exists to support termination based upon A.R.S. § 8–533(B)(6). In conjunction with this issue, the appellant argues that the Arizona Department of Economic Security (DES) never made a concerted effort to reunify the parent with her children.

(3) Whether severance is in the best interests of the children.

■ In a termination proceeding, the trial court sits as trier of fact and, on appeal, we must accept that court's ruling unless its findings were clearly erroneous. *Appeal in Pima County Severance Action No. S–2397,* 161 Ariz. 574, 577, 780 P.2d 407, 410 (App.1989).

■ First, A.R.S. § 8–533(B)(3) allows termination of parental rights upon a finding by clear and convincing evidence "[t]hat the parent is unable to discharge the parental responsibilities because of mental illness ... and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." The record must show that the parent's mental illness "deprives the parent of the ability to effectively care for the child." *Appeal in Maricopa County Juvenile Action No. JS–6831,* 155 Ariz. 556, 558, 748 P.2d 785, 787 (App.1988).

■ In the present matter, the trial court found that the mother suffers from a severe personality disorder which disables her from discharging her parental responsibilities toward the children. Further, the court concluded that this condition was likely to continue for a "prolonged indeterminate period." These findings are supported by substantial evidence in the record. Therefore, we affirm the trial judge's decision to terminate parental rights pursuant to A.R.S. § 8–533(B)(3).

Second, A.R.S. § 8–533(B)(6) allows the parent-child relationship to be terminated upon a finding by clear and convincing evidence

[t]hat the child is being cared for in an out-of-home placement [and] the agency responsible for the care of the child has made a diligent effort to provide appropriate remedial services and

\*    \*    \*    \*    \*    \*

(b) The child has been in an out-of-home placement for a cumulative total period of two years or longer pursuant to court order, the parent has been unable to remedy the circumstances which cause

the child to be in an out-of-home placement and there is a substantial likelihood that the parent will not be capable of exercising proper and effective parental care and control in the near future.

As a threshold matter, in order to terminate parental rights pursuant to A.R.S. § 8–533(B)(6), there must be evidence on the record that the children are adoptable. *Appeal in Maricopa County Juvenile Action No. JS–6520*, 157 Ariz. 238, 243–44, 756 P.2d 335, 340–41 (App. 1988). Since the record indicates, and the court found, that the children in the present case are "eminently adoptable," termination under this section is appropriate.

However, the trial court must also find by clear and convincing evidence that DES "has made a diligent effort to provide appropriate remedial services." A.R.S. § 8–533(B)(6). This court has held that termination under this section can occur only after "DES has made diligent efforts to reunify the family." *Appeal in Maricopa County Juvenile Action No. JS–7359*, 159 Ariz. 232, 236, 766 P.2d 105, 109 (App.1988). Appellant argues that this concerted effort to reunify the family, including a trial parenting period, never occurred. However, Arizona courts have long held that DES has no such obligation if efforts to reunify the family would be futile. *See, e.g., Pima County Severance Action No. S–2397*, 161 Ariz. 574, 577, 780 P.2d 407, 410 (App.1989).

The court below held that DES satisfied its obligations to provide appropriate remedial services. The court found that DES provided the mother with a psychiatrist and a psychotherapist as well as parenting classes and supervised visits. Moreover, the court found that the mother would not be able to effectively parent these children even in the long run. Again, there is substantial evidence in the record to support this conclusion. In light of the court's findings, we hold that appropriate attempts to reunify the family were made and reject the appellant's argument that such efforts must include a trial parenting period.

Finally, appellant argues that terminating parental rights would not be in the best interests of the children. *See, e.g.,*

*Appeal in Maricopa County Juvenile Action No. JS–500274*, 167 Ariz. 1, 5, 804 P.2d 730, 734 (1990) (while "the best interests of the child alone may not be sufficient to grant termination, they may be sufficient to deny termination"). Nevertheless, the trial judge found that severing the parent-child relationship would be in the children's best interests. There is substantial evidence in the record to support this finding. Additionally, the court does not rest its decision to sever exclusively on the children's best interests. *JS–6520*, 157 Ariz. at 241, 756 P.2d at 338.

The order of the juvenile court terminating the natural mother's parental rights is affirmed.