873 P.2d 710

In The Matter of The APPEAL IN MARICOPA COUNTY JUVENILE ACTION NO. JD–5312.

No. 1 CA–JV 93–0043.

Court of Appeals of Arizona, Division 1, Department A.

April 28, 1994.

As Changed May 23, 1994.

Ostreicher & Vatz, P.C. by Benjamin E. Vatz, Phoenix, for appellant.

Michael J. Fuller, Phoenix, for Child.

Grant Woods, Atty. Gen. by Virginia L. Richter, Asst. Atty. Gen., Phoenix, for appellee ADES.

## OPINION

GRANT, Presiding Judge.

Appellant challenges the juvenile court's order terminating her visitation rights with three of her natural children. In this appeal, we must first decide whether an order of the juvenile court made in the course of a dependency proceeding terminating visitation by the natural mother with her children is a final appealable order; we then review the merits of that decision. Because this procedural issue has not been previously decided in Arizona, we issue this opinion. We hold that a parent may appeal such an order and we affirm the order because the record supports the juvenile court's determination that continued visitation with appellant would not be in the children's best interests.

## FACTS AND PROCEDURAL HISTORY

The Arizona Department of Economic Security ("the state" or "DES") commenced dependency proceedings for three of appellant's children, F., M., and S. The juvenile court granted the state's dependency petitions for all three children. A parent's aid supervised appellant's visits with her children at DES's offices.

On March 9, 1993, the state filed a Motion to Terminate Visitation because the children experienced negative emotional effects following visits with appellant. The juvenile court held a hearing on this motion on July 2, 1993. Based on the evidence presented at this hearing and previous hearings in appellant's case, the juvenile court granted the state's motion and terminated all visitation between appellant and her three children.

Appellant filed a timely appeal on the grounds that there was not sufficient evidence to support the trial court's order. The state moved to dismiss the appeal, arguing that the order granting the state's Motion to Terminate Visitation is not a "final order" subject to appeal under Rule 24(a), Rules of Procedure for the Juvenile Court ("R.P.J.C."). On September 10, 1993, this court denied the state's Motion to Dismiss the Appeal, but did so without prejudice to this panel's consideration and resolution of the motion.

## ANALYSIS

1. *Is the July 2, 1993, order a final order which may be appealed pursuant to Rule 24(a)?*

Arizona Rev.Stat.Ann. ("A.R.S.") section 8–236 and Rule 24(a), R.P.J.C., allow an appeal only from a "final order of the juvenile court...." There are no reported Arizona cases in which any party has attempted to appeal from a juvenile court's order terminating a parent's visitation rights. Arizona courts have considered, however, whether other types of orders of the juvenile court are final appealable orders within the meaning of Rule 24(a). *See In re Yavapai County*

*Juvenile Action No. J–8545,* 140 Ariz. 10, 680 P.2d 146 (1984); *In re Maricopa County Juvenile Action No. JD–500116,* 160 Ariz. 538, 774 P.2d 842 (App.1989); *In re Maricopa County Juvenile Action No. J–57445,* 143 Ariz. 88, 691 P.2d 1116 (App.1984). These decisions guide our analysis.

In *Juvenile Action No. J–8545,* the affected children's paternal aunt and uncle appealed from an order dismissing a dependency proceeding. Analyzing whether the dismissal constituted a final order, the supreme court emphasized "the important and fundamental right to raise one's children" and examined the practical effect that the dismissal order would have on that right. 140 Ariz. at 14, 680 P.2d at 150. The court reasoned:

> An order that disposes of an issue *such that it conclusively defines the rights and/or duties of a party* in a dependency proceeding in the juvenile court of this state, such as an order declaring a child or children dependent and an order dismissing a dependency proceeding in toto, is a final order subject to appeal by an aggrieved party.

*Id.* at 15, 680 P.2d at 151 (emphasis added) (footnote omitted). The court held that the dismissal was a final order because it precluded further action in the juvenile court. *Id.*

Two opinions of this court have considered whether orders changing the physical custody of dependent children were final orders under Rule 24(a). In *Juvenile Action No. J–57445* we held that juvenile court orders which merely serve to move a foster child from one foster home to another are not appealable because such orders do not involve the fundamental rights of the natural parents, and foster parents do not have a fundamental right over the placement of foster children. 143 Ariz. at 90–92, 691 P.2d at 1118–20. In *Juvenile Action No. JD–500116,* however, we held that an order changing the physical custody of a dependent child from a foster home in Phoenix to the maternal aunt and uncle in Florida was an appealable order. 160 Ariz. at 542–43, 774 P.2d at 846–47. The order had "a substantial impact on the natural father's practical ability to have any con-

tact with his child." *Id.* at 542, 774 P.2d at 846.

The state's Motion to Dismiss the Appeal relies on language from previous cases which might suggest that the order terminating appellant's visitation is not a final order because it was not "issued pursuant to the juvenile court's periodic review of a determination of dependency or of a custodial arrangement...." *Juvenile Action No. J–8545,* 140 Ariz. at 14, 680 P.2d at 150; *see also Juvenile Action No. J–57445,* 143 Ariz. at 91, 691 P.2d at 1119 (a final order "is limited specifically to dependency orders which constitute a reaffirmation of dependency status...."). The state has taken this language out of context and misconstrued these cases. The state's approach would pigeonhole types of court orders as "final" rather than considering their practical effect. Arizona courts eschew such a narrow, technical conception of what constitutes a final order as inappropriate in cases involving a parent's fundamental rights. *Juvenile Action No. J–8545,* 140 Ariz. at 14, 680 P.2d at 150. We reject the state's approach and instead examine the practical effect of the juvenile court's order on the appellant's right to visitation.

We hold that the juvenile court's order terminating visitation is a final order because it conclusively defines appellant's rights regarding visitation of her children: she is not to have any. Since the order in *Juvenile Action No. JD–500116* was held to be final because it substantially limited the parent's ability to have any contact with his child, the order in the present case must also be final because it completely prohibits any contact by appellant with her children. Although the original dependency adjudications of the three children in this case temporarily removed appellant's fundamental right to raise her children, she still has a fundamental right to associate with her children. *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551 (1972); *D.S. v. Department of Pub. Assistance & Social Serv.,* 607 P.2d 911, 918 (Wyo.1980). This right of association could also be terminated if a judicial severance should be granted, but until that occurs appellant retains the right to enjoy

association with the children unless this right is judicial terminated. Such an order terminating visitation is analogous to an order terminating the parent-child relationship because it deprives appellant of her right of association. She is entitled to appeal such an order.

A parent denied and redenied control over his or her children must have the right to appeal the initial and subsequent denials.... What this means is that an aggrieved party may appeal an order issued pursuant to the juvenile court's periodic review of a determination of dependency or of a custodial arrangement. *See* A.R.S. § 8–515.

*Juvenile Action No. J–8545,* 140 Ariz. at 14, 680 P.2d at 150.

The deprivation of the right to associate with his or her children is of particular importance when considered in the context of A.R.S. section 8–511(B)(3) (Supp.1993) which states that when a child is placed in out of home placement a plan is to be developed regarding:

The services that are necessary to remedy and have a reasonable expectation of remedying the condition or circumstances causing the child to be placed in an out-of-home placement. The department of economic security shall provide the court with a list of previously prescribed counseling, testing, or other treatment services and the success of these services in remedying the conditions or circumstances for which the services were prescribed.

A.R.S. section 8–511(B)(4) (Supp.1993) states that the plan must set forth the results that must be reached before a return of the custody to the parent is considered. Therefore, in some cases, how the parent progresses in relating to the children during visitation may be a measure of whether and how soon custody of the children is returned to the parent. In addition, at the annual hearing to review a child's dependency status a natural parent has the opportunity to show that the child is no longer dependent or, though still dependent, the child may appropriately be returned to the parent's custody and care. *See* A.R.S. § 8–515(F) (Supp.1993). Visitation with the child may be critical to the

parent's ability to make this showing. With such considerations at stake, this court holds that the parent must have the right to appeal from the termination of visitation.

█ Additionally, in the domestic relations context, the superior court is vested with the power to decide child custody and visitation rights of the parents. A.R.S. §§ 25–332, 25–337. Severing all visitation by one parent is reviewable by appeal or by special action. *See, e.g., Sands v. Sands,* 157 Ariz. 322, 757 P.2d 126 (App.1988); *Sholty v. Sherrill,* 129 Ariz. 458, 632 P.2d 268 (App.1981). We find no equitable reason why there should not be a right to appeal when the termination of visitation is done by the juvenile court as well as by the domestic relations court, or when the custodial "parent" is the state.

For the reasons we have set forth we deny the state's motion to dismiss this appeal. We turn now to the merits of the appeal.

**2. *Did the juvenile court properly find grounds on which to sever the visitation rights of the mother?***

The juvenile court found "clear evidence that contact with the biological mother is disruptive to [the children's] lives.... To continue visitation at this stage where severance may occur it seems to the Court is to confuse and potentially significantly disrupt the lives of the children.... The Court can see no psychologically beneficial basis for continuing visitation with the mother." Accordingly, the juvenile court granted the state's Motion to Terminate Visitation. Appellant contends that the trial court erred because there was insufficient evidence to support its findings.

█ Although a parent should be denied the right of visitation only under extraordinary circumstances, *Sholty v. Sherrill,* 129 Ariz. at 460, 632 P.2d at 270; *Reardon v. Reardon,* 3 Ariz.App. 475, 415 P.2d 571 (1966), once that right is at issue, the trial court has broad discretion. *Armer v. Armer,* 105 Ariz. 284, 289, 463 P.2d 818, 823 (1970). "This is because the trial judge is in the most favorable position to determine what is best for the children." *Id.* We will not disturb the trial court's decision as to the weight and

effect of evidence unless it is clearly erroneous. *In re Maricopa County Juvenile Action No. J–75482*, 111 Ariz. 588, 591, 536 P.2d 197, 200 (1975); *Armer*, 105 Ariz. at 289, 463 P.2d at 823; *In re Yavapai County Juvenile Action No. J–9956*, 169 Ariz. 178, 179, 818 P.2d 163, 164 (App.1991). We view the facts in the light most favorable to sustaining the juvenile court's findings, and if there is any evidence to support the order we must affirm it. *Juvenile Action No. J–75482*, 111 Ariz. at 591, 536 P.2d at 200.

■ In the present case, the state has shown that appellant's supervised visitation adversely affected the children and that termination of visitation is in the best interests of the children. At the hearing, appellant testified that during her most recent visits she did not even recognize F. and did not really know S. She could not say whether F. or S. benefitted from the visits and stated that "[F.] is just totally confused.... [F. does not have] a mother attachment. I think it's more or less maybe a neighbor or aunt or a distant type relative attachment." Appellant acknowledged that she had not contacted the DES caseworker regarding her children's welfare for four months prior to the hearing. Appellant also admitted that she married a sex offender who had been convicted of molesting his stepdaughter.

Dr. Glenn L. Moe, a psychologist, became involved with appellant's case in May 1989 as a member of a multidisciplinary consulting team. He found that F., then four years old, experienced "extremely negative reactions to the visitation with the biological mother." F. climbed on furniture, pulled items from shelves, refused to respond to directions and had difficulty sleeping for several days or weeks after a visit with appellant. M., then two and a half years old, had night terrors and diarrhea following visits with appellant. S., the eighteen month old, demonstrated much more clingy behavior and appeared to be irritable following visits. She also had diarrhea following some visits.

The foster mother, J.D., testified that all three children have benefitted since the visits with appellant stopped in February 1993. F.'s hyperactive behavior has decreased and she has ceased her destructive behavior. M.

bonds more, sleeps all night without nightmares, and is more verbal. S. has stopped exhibiting clingy behavior, and she and M. have stopped experiencing diarrhea.

Jeanne Olson, the court appointed special advocate for the children, stated that F. is not a hyperactive child, but that she did exhibit hyperactive behavior after visiting with appellant. Appellant's counsel conceded that F.'s hyperactivity could result from appellant's visits.

Appellant contends that the trial court erred in finding that there is no psychologically beneficial basis for continuing visitation with the mother and thereby ordering that the state had not abused its discretion in terminating visitation as there was insufficient evidence to support such a finding. A.R.S. section 25–337(A) (Supp.1993) provides that a parent not granted custody of the child is entitled to reasonable visitation rights to ensure that the minor child has frequent and continuing contact with the noncustodial parent unless the court finds, after a hearing, that visitation would endanger seriously the child's physical, mental, moral or emotional health. The court may modify an order granting or denying visitation rights when modification would serve the best interests of the child. A.R.S. § 25–337(B) (Supp.1993). The court may only restrict a parent's visitation rights if visitation endangers the child as described in A.R.S. section 25–337(B) (Supp.1993).

The trial court held an evidentiary hearing before terminating visitation by the appellant. The court then found as follows:

1. The mother has a long-term psychiatric disorder that is not improving and which interferes with her ability to minimally adequately parent the children.

2. Visitation is confusing and disruptive for the children.

3. Visitation interferes with planned severance of parental rights and adoption of the children which is the case plan for all three children.

4. The mother is presently married to a registered sex offender which means that the most that the mother could ever be

allowed would be supervised visitation with the children.

5. Continuing visitation with the mother provides no psychological benefits for the children.

Our review of the record reveals that, at the very least, the second and third grounds for termination are supported by the evidence and are appropriate grounds for terminating visitation under the facts of this case. Therefore we affirm the trial court's order holding that the state has not abused its discretion in terminating visitation.

We find that the record contains evidence to clearly support the court's findings and termination of visitation by appellant with her children. Therefore we affirm the order terminating visitation.

EHRLICH and VOSS, JJ., concur.