NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MYSTI B., *Appellant*,

*v.*

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, G.M., N.M.,
*Appellees*.

No. 1 CA-JV 13-0311
FILED 4-29-2014

---

Appeal from the Superior Court in Yavapai County
No.  P1300JD201300007
The Honorable Anna C. Young, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Mesa
By Amanda L. Adams
*Counsel for Appellees*

Law Office of Florence M. Bruemmer PC, Anthem
By Florence M. Bruemmer
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

---

**G O U L D**, Judge:

**¶1**          Mysti B. ("Mother") appeals from the juvenile court's order granting ADES discretion to suspend visitation with her two minor children.  Mother argues the evidence does not support the court's ruling. For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**          On May 20, 2013, Mother's children were found dependent due to neglect stemming from Mother's substance abuse issues, domestic violence between Mother and her partner, Mother's mental health issues, and Mother's failure to protect the children.[1]   At a report and review hearing on July 23, 2013, the juvenile court granted ADES discretion to suspend Mother's visitation.   In its order, the court directed "that discretion shall be utilized if the mother misses any more UAs [urinalysis tests].   If the discretion is exercised to suspend those visits, then those visits shall not be restarted until it is therapeutically recommended."

**¶3**          Mother missed a UA on August 22, 2013, and the next day ADES exercised its discretion and suspended Mother's visitation with the children.   On September 5, 2013, Mother filed a motion requesting the court reconsider its July 23 minute entry.   She argued that visitation could only be restricted if the court found visitation was not in the children's best interests.   In addition, Mother contended that because there was no evidence that the visits were harmful to the children, visitation could not be suspended.

---

[1]     Initially, Mother's three minor children were removed and found dependent; however, the oldest child reached the age of 18 and was dismissed from this case.  This appeal only addresses the dependency of Mother's remaining minor children G.M., age 17, and N.M., age 11.

¶4            At a report and review hearing on October 8, 2013, the juvenile court denied Mother's motion to reconsider.  Because visitation had been suspended at that point, the court confirmed that ADES was granted discretion to reinstate visits between the children and Mother upon therapeutic recommendation.  Mother filed a notice of appeal on October 14, 2013, appealing the court's "final order granting [ADES] discretion to suspend the Mother's visitation with the . . . children."  Because the juvenile court's minute entry filed October 8, 2013 denying Mother's motion to reconsider was not signed, as required by Arizona Rule of Juvenile Court Procedure 104(a), this court suspended Mother's appeal.  The appeal was dismissed when a signed order was not filed in the juvenile court within the time provided.

¶5            On December 3, 2013, the juvenile court filed a signed order confirming that "ADES has discretion to suspend the Mother's visitation with the Children due [to] the Mother's failure to provide a urinalysis test subsequent to the Court's order of July 23, 2013,"and confirming its denial of Mother's motion for reconsideration.  Mother then filed a second notice of appeal on December 4, 2013.

## DISCUSSION

I.      Jurisdiction

¶6            ADES argues Mother should have appealed the July 23 minute entry order originally granting ADES the authority to suspend Mother's visitation.  Because Mother only appealed the juvenile court's October 8 order denying her motion for reconsideration, ADES contends that Mother's notice of appeal is untimely and, therefore, this court lacks jurisdiction to review her claims regarding the July 23 order.

¶7            "Before considering the merits of a juvenile appeal, this Court conducts a preliminary review of the record in order to determine whether or not it has jurisdiction."  *Maricopa Cnty. Juv. Action No. J-79149*, 25 Ariz. App. 78, 78, 541 P.2d 404, 404 (1975).  Rule 104(a) requires that a final order "be in writing and signed by the judge before an appeal can be taken."  A final order is an "order that disposes of an issue such that it conclusively defines the rights and/or duties of a party in a dependency proceeding."  *Yavapai Cnty. Juv. Action No. J-8545*, 140 Ariz. 10, 15, 680 P.2d 146, 151 (1984).  We have held that orders terminating a parent's visitation rights, or substantially limiting those rights, are final, appealable orders.  *See Lindsey M. v. Ariz. Dep't of Econ. Sec.*, 212 Ariz. 43, 45, ¶ 7, 127 P.3d 59, 61 (App. 2006).  The focus is on the practical effect of the court's

order on a party's right to visitation. *Maricopa Cnty. Juv. Action No. JD-5312*, 178 Ariz. 372, 374, 873 P.2d 710, 712 (App. 1994).

**¶8** Mother's appeal was timely. The July 23 order did not suspend Mother's visitation; rather, it granted ADES discretion to suspend visitation if Mother continued to miss her UAs. As a result, the July 23 order was not a final appealable order that conclusively defined Mother's visitation rights. *J-8545*, 140 Ariz. at 15, 680 P.2d at 151. Indeed, if Mother had submitted all of her UAs following the July 23 order, it appears likely that there would have been no suspension of her visitation rights. The juvenile court's order only became effective when Mother missed her UA on August 22 and ADES exercised its discretion to suspend Mother's visitation. Once the court effectively suspended Mother's visitation, Mother filed her motion for reconsideration challenging the juvenile court's order.

**¶9** As a result, the October 8, 2013 minute entry denying Mother's motion for reconsideration is the first written order from the juvenile court substantially limiting Mother's visitation rights. *See JD-5312*, 178 Ariz. at 374, 873 P.2d at 712 (holding that a court's order terminating visitation is a final order because it conclusively defines a parent's rights regarding visitation). However, because the minute entry was not signed, we concluded we did not have jurisdiction and dismissed Mother's appeal. It was not until (1) the juvenile court filed a signed order confirming ADES' decision to suspend Mother's visitation, and (2) ADES actually suspended Mother's visitation rights that Mother was an aggrieved party with a final order from which to appeal. *See id.*

**¶10** Accordingly, Mother's second notice of appeal was timely filed, and we have jurisdiction to consider whether sufficient evidence supported the court's action. *See In re Eric. L.*, 189 Ariz. 482, 484, 943 P.2d 842, 844 (App. 1997) (stating that until a final order has been entered no appeal may be taken, and "when the notice of appeal is filed, it encompasses all previous orders entered by the juvenile court").

II. Suspension of Visitation

**¶11** Mother argues the juvenile court abused its discretion in suspending her visitation because there is no evidence in the record showing that her visits were endangering the children. She claims the juvenile court suspended the visits in an improper attempt to induce her to comply with the case plan and submit random UAs. Mother also

asserts that the juvenile court failed to make any finding that Mother's visitation was dangerous or unsafe for the children.

¶12 A parent whose children have been found dependent "still has a fundamental right to associate with her children" through visitation. *JD-5312*, 178 at 374, 873 P.2d at 712. ADES is required by statute to "make diligent efforts to preserve the family by providing all rehabilitative services reasonably necessary to rectify the conditions that led to the child's removal," including visitation. *Michael M. v. Ariz. Dep't of Econ. Sec.*, 202 Ariz. 198, 200, ¶ 9, 42 P.3d 1163, 1165 (App. 2002); *see also* A.R.S. §§ 8-824(G), -825(C), -846. "Although a parent should be denied the right of visitation only under extraordinary circumstances," the trial court has broad discretion in its determination of what is best for the children. *JD-5312*, 178 Ariz. at 375, 873 P.2d at 713. "We view the facts in the light most favorable to sustaining the juvenile court's findings, and if there is any evidence to support the order we must affirm it." *Id.* at 376, 873 P.2d at 714.

¶13 In suspending Mother's visitation, the juvenile court did not make any express findings regarding whether Mother's visitation endangered the children. Nonetheless, we must assume the juvenile court considered all relevant factors that were necessary to suspend Mother's visitation. *Roberto F. v. Ariz. Dept. of Econ. Sec.*, 232 Ariz. 45, 52, ¶ 34, 301 P.3d 211, 218 (App. 2013); *see Horton v. Mitchell*, 200 Ariz. 523, 526, ¶ 13, 29 P.3d 870, 873 (App. 2001) (stating that when the trial court does not make specific findings of fact, "we 'must assume that the trial court found every fact necessary to support its [ruling] and must affirm if any reasonable construction of the evidence justifies the decision'") (internal citations omitted). Thus, we review the record to determine if there was reasonable evidence supporting the juvenile court's implicit determination that Mother's visitation was dangerous or unsafe for the children, and suspending visitation was in the best interests of the children. *Roberto F.*, 232 Ariz. at 52, ¶ 3, 301 P.3d at 218; *see Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, 254, ¶ 10, 63 P.3d 282, 285 (2003) ("We defer to the judge with respect to any factual findings explicitly or implicitly made, affirming them so long as they are supported by reasonable evidence.").

¶14 In our review of the record we find sufficient evidence to support the juvenile court's decision to grant ADES discretion to suspend Mother's visitation. *See JD-5312*, 178 Ariz. at 376, 873 P.2d at 714 (requiring a showing that visitation adversely affected the children and that termination of visitation is in their best interests). For the two months prior to the July 23 report and review hearing, Mother was not submitting

clean UAs or participating in any other services. She did not have stable housing, and, during visitation, she reportedly spoke negatively to the children about the children's maternal grandmother and CPS's involvement in the case. Testimony from the report and review hearing does not indicate that suspending visitation was a punitive measure. Rather, CPS recommended a temporary suspension of visits to allow Mother time to get on her feet and comply with the case plan. Additionally, CPS testified that Mother's non-participation in services was difficult for the children because the children understood that her non-participation had a negative impact on the case plan of family reunification.

¶15        After Mother's visitation was actually suspended in August and Mother asked the court to reconsider its decision, the court further explained its reasoning. In denying Mother's motion to reconsider it found that Mother's continued substance abuse and her continued dishonesty regarding her use of substances was detrimental to the children's emotional health. This finding is supported by Mother's admission that she was testing positive for THC and methamphetamine, and that she was missing her UAs. In addition, the Court Appointed Special Advocate reported that Mother's visits were confusing and anxiety provoking for the children, and that her visits were causing the children to become frustrated due to Mother's continued non-compliance with services.

## CONCLUSION

¶16        For the foregoing reasons we affirm the juvenile court's order granting ADES discretion to suspend Mother's visitation.



Ruth A. Willingham · Clerk of the Court
FILED: MJT