NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

_____

ALICIA H., *Appellant*,

*v.*

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, S.H., C.H., NOT
NAMED H., *Appellees*.

No. 1 CA-JV 13-0327
FILED 5-13-2014

_____

Appeal from the Superior Court in Maricopa County
No. JD17680
The Honorable Linda H. Miles, Judge

**APPEAL DISMISSED**

_____

COUNSEL

John L. Popilek P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Michael F. Valenzuela
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**B R O W N**, Judge:

**¶1**		Alicia H. (Mother) appeals the juvenile court's order denying her motion requesting that a parent aide stop interfering with her visitation. For the following reasons, we dismiss the appeal for lack of jurisdiction.

**¶2**		In April 2013, the Arizona Department of Economic Security (ADES) filed a dependency petition alleging that Mother's child, S.H., and two other children were being neglected as a result of Mother's incarceration and untreated mental illness. In September, the juvenile court entered a default dependency order.[1] The court found that services were necessary and ordered, among other services, that Mother should have visitation "one time per week with [S.H.] with a parent aide."

**¶3**		Several weeks later, Mother filed a motion requesting that the juvenile court enter an order prohibiting ADES and the parent aide from "interfer[ing]" with Mother's visitation with S.H. "by preventing [Mother] from accompanying [S.H.] into the restroom during her visits with the child." Mother explained that she assists S.H. with washing her hands, brushing teeth, and "personal hygiene, as may be necessary" after using the restroom. In response, ADES explained that S.H. had disclosed that Mother's presence in the restroom makes her "uncomfortable." According to ADES, S.H. informed her foster mother that Mother has taken pictures of her unclothed body and made unwelcome comments about her body while in the restroom. ADES also noted that S.H. is seven years old and, although autistic, "is more than capable of tending to her needs while using the restroom during the visits without Mother's interference."

---

[1]		Mother appealed the order, which this court recently affirmed in *Alicia H. v. Arizona Department of Economic Security et al.*, 1 CA-JV 13-0262 (Ariz. App. Mar. 18, 2014) (mem. decision).

¶4 At a report and review hearing held November 25, 2013, the juvenile court heard argument on, among other things, Mother's motion. ADES explained, and Mother did not dispute, that the public restroom available for S.H.'s use during the scheduled visitation is a single occupant restroom and, as such, there is no safety concern necessitating that Mother or any other person accompany S.H. ADES further noted that S.H. manages all of her restroom needs at school and at the foster home without any assistance. S.H.'s guardian ad litem informed the court that he had spoken with S.H. and she "is not comfortable" having Mother accompany her into the restroom. In response, Mother, through counsel, denied taking any pictures of S.H. in the restroom and explained that she would like to be present in the restroom in the event S.H. should "need a little assistance." The juvenile court summarily denied Mother's motion in a signed minute entry and Mother then filed a notice of appeal.

¶5 As a threshold issue, we must determine whether we have jurisdiction over this appeal. *Maricopa County Juvenile Action No. J-79149*, 25 Ariz.App. 78, 78, 541 P.2d 404, 404 (1975) ("Before considering the merits of a juvenile appeal, this Court conducts a preliminary review of the record in order to determine whether or not it has jurisdiction."). Pursuant to Arizona Revised Statutes (A.R.S.) section 8-235 and Arizona Rule of the Juvenile Court 103(A), "[a]ny aggrieved party" may "appeal from a final order of the juvenile court[.]"

¶6 Citing *Maricopa County Juvenile Action No. JD-5312*, 178 Ariz. 372, 374, 873 P.2d 710, 712 (App. 1994), ADES suggests that we have jurisdiction here because the juvenile court's November 25, 2013 minute entry is a final, appealable order. In *JD-5312*, this court concluded that a "juvenile court's order terminating visitation is a final order because it conclusively defines [a parent's] rights regarding visitation of her children: she is not to have any," and therefore such an order is subject to appellate review. *Id.* Unlike *JD-5312*, in this case, the juvenile court has not terminated Mother's visitation with S.H. Rather, the court has upheld the parent aide's implicit determination S.H. needs to be able to attend to her restroom needs independently. Because the visitation protocol does not deprive Mother "of her right of association," she is not entitled to appeal such an order. *Id*.

¶7 Our conclusion does not run afoul of our supreme court's decision in *Yavapai County Juv. Action No. J-8545*, 140 Ariz. 10, 14, 680 P.2d 146, 150 (1984), in which the court noted the importance of avoiding a technical reading of what constitutes an appealable order in cases

"involving the important and fundamental right to raise one's children" and held as follows:

> A parent denied and redenied control over his or her children must have the right to appeal the initial and subsequent denials. This does not mean that he or she shall be able to challenge a custodial arrangement every week or every month. What it means is that an aggrieved party may appeal an order issued pursuant to the juvenile court's periodic review of a determination of dependency or of a custodial arrangement[.]

The order at issue here, while made during a report and review hearing, does not involve a denial of control over one's children or a determination of dependency or a custodial arrangement; nor is the order similar to other cases in which we have found varying forms of dependency orders appealable. *See, e.g., Lindsey M. v. Ariz. Dep't of Econ. Sec.*, 212 Ariz. 43, 45-46, ¶¶ 7-9, 127 P.3d 59, 61-62 (App. 2006). Additionally, in our discretion we decline to accept special action jurisdiction. *Lloyd v. State Farm Mut. Auto Ins. Co.*, 189 Ariz. 369, 375, 943 P.2d 729, 735 (App. 1996) (noting this court may, in its discretion, accept special action jurisdiction when we do not have appellate jurisdiction to review an issue).

¶8          For the foregoing reasons, we dismiss Mother's appeal.



Ruth A. Willingham · Clerk of the Court
FILED: MJT