NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RACHEL H., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY[1], F.Y., C.Y., A.Y., *Appellees.*

No. 1 CA-JV 14-0080
FILED 09-02-2014

Appeal from the Superior Court in Maricopa County
No. JD21950
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael Valenzuela
*Counsel for Appellee Department of Child Safety*

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

---

[1]     Pursuant to S.B. 1001, Section 157, 51st Leg., 2nd Spec. Sess. (Ariz. 2014) (enacted), the Department of Child Safety is substituted for the Arizona Department of Economic Security in this matter.  *See* ARCAP 27.

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

---

**G O U L D**, Judge:

**¶1**　　　　Rachel H. ("Mother") appeals from the juvenile court's order terminating her parental rights to A.Y., C.Y., and F.Y., her three minor children.  Mother raises two issues on appeal: 1) whether the juvenile court made sufficient written findings that severance is in the best interests of the children; and 2) whether there is sufficient evidence to support the juvenile court's best interests determination.  For the reasons set forth below, we affirm.

**DISCUSSION**

**¶2**　　　　The Department of Child Safety ("DCS") moved to terminate Mother's parental rights under Arizona Revised Statutes ("A.R.S.") sections 8–533(B)(3) (chronic substance abuse) and 8-533(B)(8)(a) (out-of-home placement for a total of nine months or longer).  Following the severance trial, the juvenile court issued an order finding that DCS had proven the grounds for terminating Mother's parental rights, and that termination was in the best interests of the children.

I.　　　Best Interests Findings

**¶3**　　　　On appeal, Mother does not challenge the juvenile court's findings regarding the grounds for severance.  Rather, Mother argues that the juvenile court failed to make sufficient written findings in support of its determination that severance is in the best interests of the children.

**¶4**　　　　Before terminating a parent-child relationship, a court must determine that severance is in the child's best interests.  A.R.S. § 8-533(B); *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22, 110 P.3d 1013, 1018 (2005). "To prove that the termination of parental rights would be in a child's best interests, [DCS] must present credible evidence demonstrating 'how the child would benefit from a severance *or* be harmed by the continuation of the relationship.'" *Lawrence R. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 585, 587, ¶ 8, 177 P.3d 327, 329 (App. 2008) (citation omitted).  In making its best interests determination, the juvenile court may also "consider evidence that

an existing placement is meeting the needs of the child." *Mary Lou v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 19, 83 P.3d 43, 50 (App. 2004).

**¶5** An order terminating a parent-child relationship must be in writing and recite the findings on which the juvenile court bases its best interest determination. Ariz. R. Proc. Juv. Court 66(F)(2)(a); A.R.S. § 8-538(A). We review the sufficiency of such findings to determine whether the juvenile court abused its discretion. *Xavier R. v. Joseph R.*, 230 Ariz. 96, 100, ¶ 11, 280 P.3d 640, 644 (App. 2012). Such findings must include "all of the 'ultimate' facts—that is, those necessary to resolve the disputed issues," and be sufficiently detailed "to allow the appellate court to determine exactly which issues were decided and whether the lower court correctly applied the law." *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 240-41, ¶¶ 24-25, 282 P.3d 437, 441-42 (App. 2012) (citation omitted).

**¶6** Here, the juvenile court expressly stated in its order that DCS proved, by a preponderance of the evidence, that termination was in the best interests of the children. The juvenile court also recited several findings in support of this determination. The order stated that the "evidence established beyond a reasonable doubt . . . that the continued custody of the children by Mother is likely to result in serious emotional or physical damage to the children." The juvenile court further found the "current placement" is "consistent with the needs of the children," thereby concluding that the children's needs are being met in their current placement. In addition, the juvenile court concluded that termination of Mother's relationship would benefit the children "because they deserve a permanent, safe loving home where they will be able to thrive."

**¶7** We conclude the juvenile court's best interests findings are sufficient. The findings specify the harm the children would likely suffer from continuing their relationship with Mother, and also note how their current placement is meeting their needs.

II.     Sufficiency of the Evidence

**¶8** Mother also contends there is insufficient evidence to support the juvenile court's determination that severance is in the best interests of the children. We will affirm the juvenile court's findings of fact unless no reasonable evidence supports those findings. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4, 53 P.3d 203, 205 (App. 2002). "We view the facts in the light most favorable to sustaining the juvenile court's findings, and if there is any evidence to support the order we must affirm it." *Maricopa*

*Cnty. Juv. Action No. JD-5312*, 178 Ariz. 372, 376, 873 P.2d 710, 714 (App. 1994).

**¶9**  At the severance trial, the juvenile court heard testimony from Holly Wilt, a Child Protective Service specialist assigned to the case. Wilt testified that A.Y and C.Y. were both born substance exposed to methamphetamine. Wilt stated that as part of Mother's reunification plan, DCS provided her with a variety of services to address her substance abuse problem, including substance abuse treatment. Nonetheless, Mother continued to test positive for methamphetamine, missed eighty-five urinalyses from June of 2012 to January of 2014, and failed to successfully complete substance abuse treatment.

**¶10**  Wilt also testified that Mother failed to attend her scheduled psychological evaluation, failed to maintain contact with CPS, and did not provide any financial support for her children. In addition, Wilt stated that Mother failed to consistently visit the children during offered supervised visitation times.

**¶11**  Finally, Wilt testified the children are adoptable, F.Y. and C.Y. are participating in counseling services for emotional delays, and it is in the best interests of the children to terminate Mother's parental rights.

**¶12**  The juvenile court also heard testimony from Dorcas Segundo, an expert witness in the Indian Child Welfare Act for the Tohono O'odham Nation, who was also assigned to the case due to the children's eligibility for membership in the Tohono O'odham Nation. Segundo testified that returning the children to Mother will likely cause serious emotional or physical damage to the children, and that their current placement is meeting their needs.

**¶13**  Based on our review of the record, we conclude there is sufficient evidence to support the juvenile court's findings regarding the best interests of the children.

**CONCLUSION**

**¶14** For the foregoing reasons, we affirm the juvenile court's order terminating Mother's parental rights to the children.



Ruth A. Willingham · Clerk of the Court
FILED: gsh