NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

SHERRI C., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, H.C., *Appellees*.

No. 1 CA-JV 14-0295
FILED 6-16-2015

---

Appeal from the Superior Court in Maricopa County
No. JD27351
The Honorable Cari A. Harrison, Judge

**AFFIRMED**

---

COUNSEL

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Jon W. Thompson joined.

---

J O N E S, Judge:

¶1            Sherri C. (Grandmother) appeals the juvenile court's order denying her motion to intervene in a dependency case involving her grandson, H.C. (Child).  For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

¶2            Grandmother was granted *in loco parentis* rights to Child in 2011 and legal guardianship of Child's half-sister (Sister) in 2012.  In November 2013, the Department of Child Safety (DCS) filed a dependency petition, alleging the children were dependent as to Grandmother because she physically abused them and failed to protect them from physical and sexual abuse perpetrated by Grandmother's then-husband.

¶3            Immediately following initiation of the dependency, DCS sought to suspend the children's visits with Grandmother based upon a psychologist's report indicating contact with family members was preventing the children from "stabilizing" in their new environment. Following an evidentiary hearing in February 2014, the juvenile court revoked Grandmother's *in loco parentis* status as to Child, denied further visitation, and dismissed Grandmother as a party from the case.  At the same time, the juvenile court revoked Grandmother's guardianship of Sister.[2]

---

[1]      We view the facts in the light most favorable to upholding the juvenile court's order.  *Maricopa Cnty. Juv. Action No. JD-5312*, 178 Ariz. 372, 376 (App. 1994).

[2]      Grandmother appealed the guardianship revocation, and this Court vacated the order because the record did not contain the findings required by Arizona Revised Statutes (A.R.S.) section 8-873 (2015).  *Sherri C. v. Dep't of Child Safety*, 1 CA-JV 14-0193 (Ariz. App. Dec. 9, 2014) (mem.

**¶4**　　　　　Grandmother immediately filed a motion to intervene pursuant to Arizona Rule of Civil Procedure 24(b) arguing her participation, as Child's paternal grandmother and primary caregiver, was in Child's best interests. DCS objected, and after hearing argument from the parties, the juvenile court denied Grandmother's motion but granted her permission to "participate" in the proceedings pursuant to Arizona Rule of Procedure for Juvenile Court 58(B)(1).[3]

**¶5**　　　　　Grandmother timely appealed the denial of her motion to intervene. We have jurisdiction pursuant to A.R.S. §§ 8-235(A),[4] 12-120.21(A)(1), and -2101(A)(1), and Arizona Rule of Procedure for the Juvenile Court 103(A). *See Bechtel v. Rose*, 150 Ariz. 68, 71 (1986) (noting denial of motion to intervene is a final, appealable order).

## DISCUSSION

**¶6**　　　　　We review the denial of a motion to intervene in a dependency action for an abuse of discretion. *Allen v. Chon-Lopez*, 214 Ariz. 361, 364, ¶ 9 (App. 2007) (citing *Bechtel,* 150 Ariz. at 72, and *Speer v. Donfeld*, 193 Ariz. 28, 31, ¶ 9 (App. 1998)). The juvenile court abuses its discretion when its decision is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 82-83, ¶ 19 (App. 2005) (quoting *Quigley v. Tucson City Court*, 132 Ariz. 35, 37 (1982)).

**¶7**　　　　　Generally, grandparents "should be allowed to intervene in the dependency process unless a specific showing is made that the best interest of the child would not be served thereby." *Bechtel*, 150 Ariz. at 73.

---

decision). However, Grandmother did not appeal the simultaneous determination of the juvenile court that DCS had satisfied its burden in proving Sister was dependent as to Grandmother, and therefore, Grandmother does not dispute that the allegations contained in the petition, *see supra* ¶ 2, were proven to be true by a preponderance of the evidence.

[3]　　　This rule permits the juvenile court to provide notice and a right to participate in dependency proceedings to, among other persons, a child's relative or prior physical custodian. Ariz. R.P. Juv. Ct. 58(B)(1).

[4]　　　Absent material revisions from the relevant date, we cite a statute's current version.

"Before ruling on a motion to intervene, the juvenile court should consider and weigh the relevant factors," which include:

> [T]he nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case. The court may also consider whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Id.* at 72, 74 (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).

¶8　　　In denying Grandmother's motion, the juvenile court found Child's best interests were adequately protected by DCS and the *guardian ad litem* and intervention would not significantly contribute to development of the case where the "posture of [the] severance" would ultimately be presented to the juvenile court during the course of the dependency. In other words, Grandmother would necessarily be called upon to provide testimony regarding her involvement in Child's life and the circumstances leading to the filing of the dependency proceeding regardless of her status as an intervenor. The court also specifically found that any "limited positive effect" of intervention "is overridden by the overall best interest of the child," noting "[t]his is a very complicated case with allegations relating to a family member having previously been abused, having disclosed it to each other, to the Grandmother . . . [a]nd there being conflicting information as to whether . . . those issues were known, withdrawn, ignored." Finally, the court noted that, to the extent Grandmother sought intervention for the purpose of litigating her potential to serve as an adoptive placement, the issue was premature; the parental rights remained intact, and a separate administrative avenue existed by which Grandmother could address placement.

¶9　　　Grandmother does not suggest the juvenile court failed to consider the appropriate factors, but instead argues application of these factors weighs in favor of intervention. We disagree. The juvenile court applied the law correctly in considering the *Bechtel* factors and

determining Grandmother's intervention would not contribute to the case. *See Allen*, 214 Ariz. at 366, ¶ 13 (vacating order denying aunt's motion to intervene where the juvenile court improperly focused solely on the likely outcome of the proceeding rather than the necessity of intervention). Moreover, we defer to the juvenile court's superior position to "'judge the credibility of the parties, observe the parties, and make appropriate factual findings.'" *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004) (quoting *Pima Cnty. Dependency Action No. 93511*, 154 Ariz. 543, 546 (App. 1987)). The court's conclusion is supported by the record and represents a reasonable assessment of the specific circumstances surrounding Child's dependency proceedings, with which it is intimately familiar.[5] Therefore, we find no abuse of discretion.

## CONCLUSION

**¶10** We affirm the order of the juvenile court denying Grandmother's motion to intervene.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[5] Grandmother also argues the restoration of her guardianship over Sister requires the juvenile court to reconsider its decision on Grandmother's motion to intervene in Child's dependency proceedings. Although the juvenile court did adopt by reference its factual findings from the February 2014 evidentiary hearing, those findings are not contained in the record on appeal. We therefore do not consider them in reaching our decision here, *Lewis v. Oliver*, 178 Ariz. 330, 338 (App. 1993) ("We will consider only those matters in the record before us."), and regardless, we find adequate support within the record to sustain the juvenile court's denial of the motion to intervene.