NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DESTINY F., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, C.F., D.B., *Appellees*.

No. 1 CA-JV 19-0260
FILED 1-28-2020

Appeal from the Superior Court in Maricopa County
No. JD35938
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

Denise L. Carroll, Esq., Scottsdale
By Denise Lynn Carroll
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Doriane F. Zwillinger
*Counsel for Appellee DCS*

---

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

J O H N S E N, Judge:

¶1          Destiny F. ("Mother") appeals the superior court's order terminating her parental relationship with her two children, C.F. and D.B. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          C.F. was born substance-exposed to marijuana in 2013, and Mother tested positive for opiates during her pregnancy with D.B., who was born in 2015.  In April 2018, the Department of Child Safety ("DCS") received a report that Mother and D.B.'s father were abusing drugs in the home and had engaged in domestic violence.  Mother admitted to investigators she used cocaine and marijuana.  DCS also observed that the children and the home were dirty, and D.B. appeared undernourished. DCS put a safety plan in place, offered Mother in-home case-management services, and asked her to pursue substance-abuse treatment.  Mother did not engage in substance-abuse treatment, prompting DCS to take custody of the children and file a dependency petition in June 2018.  The superior court found the children dependent in August 2018.

¶3          During the dependency, DCS referred Mother for substance-abuse testing and treatment several times, but she barely participated.  As a result, all five of her referrals to TERROS for substance-abuse treatment were closed.  She tested positive for cocaine and marijuana in June 2018 and then did not test again until 2019.  Mother submitted one negative test in March and another one in May 2019.  She then submitted five negative tests between June 18 and July 5, 2019, but thereafter stopped testing and never reengaged with testing.

¶4          DCS also referred Mother for a parent aide.  Mother engaged in the visits but attended only one of her skills sessions, causing the parent aide to close the referral.  DCS later provided Mother supervised visitation from February to May 2019, and she participated.  Mother also had opportunities to visit the children through their placement, but she did not

do so.  Finally, Mother did not provide DCS with evidence of stable housing or income and maintained only sporadic contact with her DCS case manager.

¶5        In February 2019, DCS moved to terminate Mother's parental relationship with the children on grounds of abandonment and substance-abuse.  *See* Arizona Revised Statutes ("A.R.S.") section 8-533(B)(1), (3) (2020).[1]  DCS later amended its motion to include the ground of nine-months out-of-home placement under § 8-533(B)(8)(a).  After a termination adjudication hearing in July 2019, the superior court ordered Mother's parental rights terminated on the grounds of substance abuse and nine months' time in care.[2]  Regarding services, the superior court found that DCS had

> made reasonable efforts to preserve the family relationship and provided Mother the time and opportunity to participate in programs designed to improve her ability to care for the Children.  The court makes this finding despite the Department's failure to continue Mother's visits with the Children after the supervised visit referral expired in May 2019.  "Reasonable efforts" does not require the Department to be flawless; rather, the issue is whether, on the totality of the circumstances, the Department made reasonable efforts to preserve the family relationship.  Mother should have had additional visits after May, but that would not change the fact that she is unable to parent due to chronic substance abuse.

Mother timely appealed the court's order.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 8-235(A) (2020) and 12-120.21(A)(1) (2020).

## DISCUSSION

¶6        On appeal, Mother argues insufficient evidence supports the court's finding that DCS made reasonable efforts to provide her with appropriate reunification services.  Mother points to DCS's failure to refer her for a psychological evaluation and counseling "at a time when she was

---

[1]        Absent material revision after the relevant date, we cite the current version of a statute or rule.

[2]        At the termination hearing, the superior court granted DCS's oral motion to withdraw the abandonment ground.

providing negative" urinalysis tests, and DCS's failure to provide her with visits after May 2019. DCS argues that Mother waived any argument about services, but because Mother's counsel raised the issue at the termination hearing, we decline to apply waiver. *See Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 179, ¶¶ 17-18 (App. 2014) (applying waiver when parent offered no challenge to services, either before the termination hearing or at the hearing itself).

¶7          When seeking termination of a parent's rights on grounds of substance-abuse or nine-months out-of-home placement, DCS must make diligent, or reasonable, efforts to provide the parent with appropriate reunification services. *Jennifer G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 450, 453, ¶¶ 12-13 & n.3 (App. 2005). To satisfy this requirement, DCS must provide a parent with "the time and opportunity to participate in programs designed to help her become an effective parent." *Maricopa County Juv. Action No. JS-501904*, 180 Ariz. 348, 353 (App. 1994). DCS, however, is not required to provide every conceivable service, nor must it ensure that the parent participates in each service it offers. *Id.* DCS need not undertake futile rehabilitative efforts but must provide services that have a reasonable prospect of success. *Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 192, ¶ 34 (App. 1999).

¶8          As the superior court found, DCS's efforts to provide Mother with services were not flawless. DCS did not offer Mother any services focused on domestic violence. Additionally, as the superior court noted, absent a court order to the contrary, DCS should have ensured continuing visits between Mother and the children in May, June and July 2019. *See Maricopa County Juv. Action No. JD-5312*, 178 Ariz. 372, 374-75 (App. 1994) (parents retain a fundamental right to associate with their children unless that right is judicially terminated). On this record, however, the lapses Mother alleges are immaterial to the termination order, which focuses solely on Mother's unresolved substance-abuse issues.

¶9          DCS's main concern throughout the dependency was Mother's substance abuse, and Mother does not dispute that DCS provided her with the time and opportunity to participate in substance-abuse testing and treatment. Mother argues DCS should have referred her for a psychological evaluation and counseling a few weeks before the termination hearing, during a two-week period in which she was providing consistently negative drug tests. But her failure to test consistently before and after those two weeks undermines her argument. After that two-week period, Mother stopped testing and never established lasting sobriety or demonstrated consistent progress in overcoming her substance-abuse

issues.  Notably, Mother does not explain how a psychological evaluation or counseling would have had a reasonable prospect of success in helping her overcome her addictions – the main barrier to her ability to parent the children at the time of the termination hearing.  On this record, reasonable evidence supports the court's finding that DCS made reasonable efforts to provide Mother with appropriate services.[3]

**CONCLUSION**

¶10           For the foregoing reasons, we affirm the order terminating Mother's parental rights to the two children.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[3]      Because reasonable evidence supports this element under the substance-abuse ground, we need not consider Mother's arguments as to the nine-months out-of-home placement ground.  *See Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 49, ¶ 14 (App. 2004).