IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DESIREE S., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY,[1] R.S., *Appellees.*

No. 1 CA-JV 14-0046

FILED 9/9/14

Appeal from the Superior Court in Maricopa County
No. JD18982
The Honorable Daniel G. Martin, Judge

**REVERSED AND REMANDED**

COUNSEL

David W. Bell, Attorney at Law, Mesa
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Michael F. Valenzuela
*Counsel for Appellee Department of Child Safety*

---

[1] Pursuant to S.B. 1001, Section 157, 51st Leg., 2nd Spec. Sess. (Ariz. 2014), the Department of Child Safety ("DCS") is substituted for the Arizona Department of Economic Security in this matter. *See* ARCAP 27. Because this case preceded the creation of DCS, we will refer to the agency as the Department.

---

## OPINION

Presiding Judge Maurice Portley delivered the Opinion of the Court, in which Judge Michael J. Brown and Chief Judge Diane M. Johnsen joined.

---

**P O R T L E Y**, Judge:

**¶1**         Desiree S. ("Mother") challenges the order terminating her parental rights to her child, R.S., who was born in 2002.  She argues that there was insufficient evidence to support termination based on fifteen months in out-of-home placement.  We agree and reverse the termination order.

## FACTS[2] AND PROCEDURAL HISTORY

**¶2**         Mother and Richard M. ("Father") are the biological parents of R.S.  Father was absent from the child's life and R.S. lived with Mother, her husband ("Husband"), and their four younger children.

**¶3**         The Department filed an in-home dependency petition against Mother and Husband alleging Husband had abused the children and Mother failed to protect them.  The children were found dependent, the couple completed services, and the dependency was dismissed in March 2011.

**¶4**         Shortly thereafter, the Department received a new report that Mother disciplined her seven-year-old daughter by hitting her in the face, and Husband abused R.S. by spanking him with a belt.  The children were removed from the home and R.S. was subsequently placed with his maternal grandmother.  The Department filed a dependency petition and the juvenile court found the children dependent and ordered a case plan of family reunification.

**¶5**         Two years later, the juvenile court granted the Department's request to change R.S.'s case plan to severance and adoption.  The Department subsequently filed a motion to terminate Mother's parental

---

[2] On appeal, "[w]e view the facts in the light most favorable to upholding the juvenile court's order."  *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7, 225 P.3d 604, 606 (App. 2010).

rights, alleging that R.S. had been in an out-of-home placement for fifteen months or more.[3]

¶6        When Mother failed to appear at a scheduled status conference, the family court commenced the termination hearing. *See* Ariz. Rev. Stat. § 8-537(c) (West 2014).  The case manager testified, was cross-examined, and the court subsequently signed findings of fact and conclusions of law and terminated Mother's parental rights to R.S.  Mother now appeals.[4]

## DISCUSSION

¶7        A parent's parental rights can be terminated if the juvenile court finds that the Department has proven a statutory basis for termination by clear and convincing evidence, *Michael J. v. Arizona Department of Economic Security*, 196 Ariz. 246, 249, ¶ 12, 995 P.2d 682, 685 (2000), and there is proof by a preponderance of the evidence that termination is in the child's best interest.  *Kent K. v. Bobby M.*, 210 Ariz. 279, 288, ¶ 41, 110 P.3d 1013, 1022 (2005).  We will affirm the ruling terminating parental rights unless clearly erroneous.  *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4, 53 P.3d 203, 205 (App. 2002).  A ruling is clearly erroneous if unsupported by substantial evidence.  *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 81, ¶ 13, 107 P.3d 923, 927 (App. 2005) (citing *Mealey v. Arndt*, 206 Ariz. 218, 221, ¶ 12, 76 P.3d 892, 895 (App. 2003) (stating that substantial evidence is any relevant evidence that allows a reasonable person to reach the same conclusion as the fact-finder)).

¶8        Mother argues only that there was insufficient evidence to support termination of her parental rights pursuant to the fifteen months in out-of-home placement.  She specifically argues that the Department failed to demonstrate that she (1) failed to remedy the circumstances that caused R.S. to be in out-of-home placement, and (2) was incapable of parenting R.S. in the near future.

---

[3] Husband and the four other children are no longer in the child welfare system.  Husband filed for divorce and received temporary orders that he is the sole legal decision maker and Mother has unsupervised parenting time one day a week.

[4] Father's parental rights were terminated for abandonment.  He is not a party to this appeal.

¶9 The case manager testified that Mother successfully completed all services offered by the Department, including psychological and psychiatric evaluations, parent aide services, drug testing, drug treatment, and individual counseling. Mother was also offered family counseling and was willing to attend, but R.S. refused.[5] And, because Mother was no longer with Husband, the case manager testified that there were "no safety concerns or barriers" for reunification with Mother.

¶10 The case manager, however, opined that Mother had been unable to remedy the circumstances which caused R.S. to be in an out-of-home placement. She also opined that Mother would not be capable of parenting in the near future because R.S. did not want to return to Mother, fearing she would not be able to protect him from abuse. The juvenile court echoed that sentiment by finding that "Mother is unable at this time and will be unable in the near future to remedy the root cause of the dependency because the child does not believe Mother is able to protect the child from abuse."

¶11 There is no evidence to support the findings that Mother was unable to remedy the circumstances that brought R.S. into care and will be unable to parent the child. As the case manager testified, Mother successfully completed all of the reasonable services offered to implement family reunification. According to the case manager, Mother's eleven-year-old son did not think Mother could keep him safe, and refused to participate in family counseling. The youngster's subjective belief, without more, cannot be the sole basis to determine as a matter of law that Mother will be unable to parent him in the near future. His reluctance to participate in family counseling with Mother and his refusal to give her an opportunity to parent might go to the court's determination of best interests, but cannot demonstrate by clear and convincing evidence that she cannot parent in the near future.

¶12 In *Jordan C. v. Arizona Department of Economic Security*, 223 Ariz. 86, 219 P.3d 296 (App. 2009), we considered a similar situation. There, despite the fact that the mother completed all services in the case plan, the case manager recommended terminating her rights so that her special needs child, who might be difficult for the mother to handle, could be adopted. *Id.* at 90, 95, ¶¶ 8, 26, 219 P.3d at 300, 305. We recognized that the evidence that it would be difficult for mother to care for a special needs

---

[5] Although R.S. participated in individual counseling, there was no evidence indicating why R.S. could not or should not participate in therapeutic family counseling with Mother.

child was "relevant to the issue of whether termination of [the mother's] rights was in the [child's] best interest" but not to the statutory ground for termination. *Id.* at 95, ¶ 28, 219 P.3d at 305. By the same reasoning, even though R.S. does not want to attend counseling with Mother, his reluctance to participate cannot by itself support the court's finding that Mother will be unable to parent her child in the near future.

**¶13** Mother has taken advantage of and participated in the offered services and wants to parent her child. While the child's reluctance to participate may, at best, be relevant to the best interest factor, "termination cannot be predicated solely on the best interests of the child." *Maricopa Cnty. Juv. Action No. JS-6831*, 155 Ariz. 556, 558, 748 P.2d 785, 788 (App. 1988). As a result, the evidence does not support the findings that the Department demonstrated by clear and convincing evidence that Mother failed to remedy the circumstances that caused R.S. to be in out-of-home placement and that she will be unable to parent him in the near future. *See id.* Consequently, the evidence did not justify the permanent deprivation of Mother's parental rights. *See id.; see also Michael J.*, 196 Ariz. at 249, ¶ 12, 319 P.2d at 685 (finding that the right to parent one's child is fundamental); *Santosky v. Kramer*, 455 U.S. 745, 753 (1982) ("The fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State.").

## CONCLUSION

**¶14** Based on the foregoing reasons, we reverse the order terminating Mother's parental rights to R.S., and remand the case to the juvenile court.



Ruth A. Willingham · Clerk of the Court
FILED: JT

5