NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

YHOSSIRIS C., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.T., A.C., *Appellees*.

No. 1 CA-JV 15-0059
FILED 10-20-2015

---

Appeal from the Superior Court in Maricopa County
No. JD510563
The Honorable Brian K. Ishikawa, Retired Judge

**AFFIRMED**

---

COUNSEL

Robert D. Rosanelli, Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Eric K. Knobloch
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

---

**P O R T L E Y**, Judge:

**¶1**         Yhossiris C. ("Mother") challenges the order terminating her parental rights to her two children, A.T. and A.C.  Mother argues there was insufficient evidence to support termination.  For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**         Mother and Joseph T. ("Father") are the biological parents of the children.  A.C., who was born in 2012, was taken to the hospital for an injury to her elbow when she was about six months old.  Full scan x-rays revealed that she had numerous unexplained non-accidental fractures in different stages of healing.  The hospital notified the Department and the children were taken into temporary custody.

**¶3**         The Department filed a dependency petition against the parents, alleging they had either physically abused A.C. or failed to protect her from abuse, and had failed to appropriately parent and supervise A.C., which resulted in her elbow injury.  The children were found dependent, and the juvenile court approved the case plan of family reunification with the concurrent plan of severance and adoption.

**¶4**         At a report and review hearing, the juvenile court approved the Department's request to file a motion to terminate the parents' parental rights. The Department, as a result, filed its motion to terminate on the basis of fifteen months in an out-of-home placement.  *See* Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(8)(c).[2]  Mother contested the motion and the juvenile court held a severance trial.  After receiving written closing arguments from

---

[1] "We view the facts in the light most favorable to upholding the juvenile court's order."  *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7, 225 P.3d 604, 606 (App. 2010).

[2] We cite the current version of the statute unless otherwise noted.

the Department, Mother, and the guardian ad litem, the court issued its findings of fact and conclusions of law, and terminated Mother's parental rights under A.R.S. § 8-533(B)(8)(c). Mother filed this appeal,[3] and we have jurisdiction under A.R.S. §§ 8-235, 12-120.21(A)(1), and -2101(A)(1).

**DISCUSSION**

**¶5** Mother argues the juvenile court erred in finding that she was unable to remedy the circumstances causing the children to be in an out-of-home placement. She also argues the court erred in finding that she was unable to exercise proper and effective parental care and control of the children.

**¶6** A juvenile court may terminate a parent's parental rights if the Department proves any one of the statutory grounds for termination by clear and convincing evidence, *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 449, ¶ 12, 153 P.3d 1074, 1078 (App. 2007), and a preponderance of the evidence demonstrates that termination is in the best interests of the child, *Matthew L.*, 223 Ariz. at 549, ¶ 7, 225 P.3d at 606 (citation omitted). The juvenile court, as the trier of fact, "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4, 53 P.3d 203, 205 (App. 2002) (citation omitted). We will accept the court's findings of fact unless no reasonable evidence supports those findings. *Id.* We will only disturb the juvenile court's determination if it is clearly erroneous. *Id.* A determination is clearly erroneous if it is "unsupported by substantial evidence." *Desiree S. v. Dep't of Child Safety*, 235 Ariz. 532, 534, ¶ 7, 334 P.3d 222, 224 (App. 2014); *see Mealey v. Arndt*, 206 Ariz. 218, 221, ¶ 12, 76 P.3d 892, 895 (App. 2003) ("Substantial evidence is any relevant evidence from which a reasonable mind might draw a conclusion.") (internal quotation marks and citation omitted).

**¶7** To terminate parental rights to a child out of the parent's custody for fifteen months or more under § 8-533(B)(8)(c), the court must find that (1) a child "has been in an out-of-home placement for a cumulative total period of fifteen months or longer pursuant to court order;" (2) "the parent has been unable to remedy the circumstances that cause[d] the child to be in an out-of-home placement;" and (3) "there is a substantial likelihood that the parent will not be capable of exercising proper and effective parental care and control in the near future." A.R.S. § 8-533(B)(8)(c). Here, it is undisputed that the children were in an out-of-home

---

[3] Father's parental rights were also terminated, but he did not file an appeal.

placement for more than fifteen months, and Mother has not challenged the findings that the termination is in the best interests of her children.

¶8            After the children were removed from their parents and placed in the Department's custody, the Department provided Mother with services designed to remedy the reasons the children had been removed. Specifically, she was provided with parent aide services, case aide services, individual counseling, therapeutic visitation, a psychological evaluation, a bonding assessment, and supervised visitation. Mother was also invited to attend child and family team meetings, and A.T.'s therapeutic visits. She, as the court found, participated in the services, and kept her job and housing. The court, however, found that despite her participation, "[M]other has been unable to remedy the circumstances that cause[d] the children to be in out-of-home placement" and "[t]here is a substantial likelihood that [Mother] will not be capable of exercising proper and effective parental care and control in the near future."

¶9            For the evidence to support the juvenile court's findings, the court has to determine that the circumstances which caused the children to be removed includes "those circumstances existing at the time of the severance that prevent a parent from being able to appropriately provide for his or her children." *Marina P. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 326, 330, ¶ 22, 152 P.3d 1209, 1213 (App. 2007) (internal quotation marks omitted). And the evidence supports the court's findings and conclusion.

¶10           Although Mother dutifully participated in services and should be commended for her effort, she never demonstrated an ability to keep her children safe, and there was a recommendation for her to retake some of the same services in order to attempt to improve her ability to protect her children. In fact, the case worker had to intervene on more than one occasion to help Mother control the children when visiting them.

¶11           Moreover, Mother never provided an explanation that could validly explain A.C.'s non-accidental fractures. The caseworker explained that "without an explanation of the causes of [A.C.'s] injuries, behavior changes would never be able to be adequately assessed in order to mitigate the circumstances that brought the children into care." As a result, the case worker testified that Mother was unable to safely parent her children and would not be able to do so in the near future. Consequently, because there is evidence that supports the court's findings of facts and conclusions of law, we find no error.

**CONCLUSION**

**¶12**        Based on the foregoing, we affirm the termination.



Ruth A. Willingham · Clerk of the Court
FILED: ama