NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

GLEN S., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, P.S., *Appellees*.

No. 1 CA-JV 15-0310
FILED 3-17-2016

Appeal from the Superior Court in Maricopa County
No. JD14802
The Honorable Lisa Daniel Flores, Judge

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Patricia K. Norris joined.

---

**P O R T L E Y**, Judge:

¶1         Glen S. ("Father") challenges the order terminating his parental rights to his child, P.  He argues there was insufficient evidence to support termination.  For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

¶2         P. was removed from Father's care in 2013 after he told his daycare provider that Father had sexually abused him.[2]  The Department of Child Safety ("DCS") filed a dependency petition, and P. was found dependent.[3]  The case plan was changed four months later to severance and adoption, and DCS filed a motion to terminate Father's parental rights to P.  After a trial, where Father testified and called witnesses, the juvenile court terminated Father's parental rights on the basis of willful abuse.  Father appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 8-235, 12-120.21(A)(1), and -2101(A)(1).[4]

### DISCUSSION

¶3         Father argues that the results of his psychological and psychosexual evaluation preclude a finding that he willfully abused P.  We disagree.

¶4         A juvenile court may terminate parental rights if DCS proves any one of the statutory grounds for termination by clear and convincing

---

[1] "We view the facts in the light most favorable to upholding the juvenile court's order."  *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7, 225 P.3d 604, 606 (App. 2010) (citation omitted).

[2] Two prior dependency petitions were filed; the first after P.'s birth in 2006, and another in 2009.  Both were dismissed after Father participated in the required services.

[3] Although P. was found dependent as to his mother, she passed away in 2014.

[4] We cite the current version of the statute unless otherwise stated.

evidence, *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 449, ¶ 12, 153 P.3d 1074, 1078 (App. 2007) (citation omitted), and that termination is in the best interests of the child by a preponderance of the evidence, *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7, 225 P.3d 604, 606 (App. 2010) (citation omitted).

**¶5**		The juvenile court, as the trier of fact, "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings," and we will accept the court's findings of fact unless no reasonable evidence supports those findings and will only disturb its determination if it is clearly erroneous. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4, 53 P.3d 203, 205 (App. 2002) (citations omitted). A determination is clearly erroneous if it is unsupported by *any* relevant evidence from which a reasonable person could draw the same conclusion. *See Desiree S. v. Dep't of Child Safety*, 235 Ariz. 532, 534, ¶ 7, 334 P.3d 222, 224 (App. 2014); *Mealey v. Arndt*, 206 Ariz. 218, 221, ¶ 12, 76 P.3d 892, 895 (App. 2003).

**¶6**		Parental rights may be terminated on willful abuse grounds if the juvenile court finds "[t]hat the parent has . . . willfully abused a child." A.R.S. § 8-533(B)(2). Abuse includes sexual conduct with or exploitation of a minor, and molestation of a child. A.R.S. § 8-201(2)(a). Despite Father's argument that the record contains evidence supporting his denial of any abuse, we do not re-weigh the evidence on appeal. *See Jesus M.*, 203 Ariz. at 282, ¶ 12, 53 P.3d at 207.

**¶7**		The DCS case manager testified that when P. was first taken into custody, he was aggressive with, and engaged in inappropriate sexual conduct towards other children. He was placed in a DCS children's shelter, and Rayven Stern ("Stern"), a shelter employee, testified that when P. first arrived, he appeared "very scared," threw tantrums, lacked coping skills, displayed toddler-like behavior despite being six years old, and wore a pull-up diaper because he suffered from encopresis and enuresis.

**¶8**		The case manager, shelter staff member, and a psychologist testified that P. disclosed incidents of abuse on various occasions. For example, Stern testified that P. told her and others, including his case manager, that Father forced him to engage in oral sexual acts. On another occasion, in violation of a court order, Father showed up at P.'s school, which upset P. and he recounted, in great detail, acts of sexual abuse committed by Father. P. also told Stern that he was told not to tell anyone about the incidents because Father would do it more often. And during a psychological consult, P. stated, "Dad did do gross things to me."

**¶9**　　　The court weighed all the testimony, including the testimony of Father's adult sons who denied any childhood sexual abuse; P.'s normal genital and anal physical assessments, which did not rule out the possibility of sexual abuse; an inconclusive polygraph test taken by Father; and the psychosexual evaluation in which Father scored within acceptable limits. In light of the child's spontaneous disclosures to multiple adults, his non-verbal conduct, and forensic examination, the court found P.'s allegations of sexual abuse credible and sufficiently reliable. We find no error.[5]

## CONCLUSION

**¶10**　　　Based on the foregoing, we affirm the termination of Father's parental rights to P.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[5] Father does not challenge the juvenile court's best-interests determination, nor DCS's efforts to provide him with appropriate reunification services. As a result, those issues are waived. *See State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989) (failure to argue claim on appeal constitutes abandonment and waiver of that claim).