NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SAMPSON K., VICTORIA Y.,
*Appellants,*

*v.*

DEPARTMENT OF CHILD SAFETY, F.K.,
*Appellees.*

No. 1 CA-JV 16-0334
FILED 2-16-2017

Appeal from the Superior Court in Maricopa County
No. JD28252
The Honorable Alison S. Bachus, Judge

**AFFIRMED**

COUNSEL

David W. Bell, Attorney at Law, Higley
By David W. Bell
*Counsel for Appellant Father*

Law Office of Ed Johnson, PLLC, Peoria
By Edward D. Johnson
*Counsel for Appellant Mother*

Arizona Attorney General's Office, Tucson
By Cathleen E. Fuller
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Margaret H. Downie joined.

---

**B E E N E**, Judge:

¶1          Sampson K. ("Father") and Victoria Y. ("Mother") appeal the termination of their parental rights to their eldest child, F.K. For the reasons that follow, we affirm the superior court's termination of parental rights.

**FACTS**

¶2          On April 23, 2014, F.K., and his three younger siblings came into State care after allegations that Father abused the children by employing extreme discipline. Specifically, it was alleged that Father slapped the children, beat F.K. with a cord and rubbed a mixture of hot peppers in F.K.'s eyes and nose. It was also alleged that Mother failed to protect F.K. and his siblings from Father's abuse and had thus neglected them as well. After an adjudication, the superior court found that the children were dependent as to Mother and Father. Arizona Department of Child Safety ("DCS") offered the parents reunification services.

¶3          In December 2014, Father pled guilty to felony child abuse relating to his treatment of F.K. As a result of his plea, Father was placed on probation for 10 years and was prohibited from visiting F.K. without prior approval from DCS.

¶4          In 2015, Father and Mother reunified with their children, except F.K., after the superior court determined that the parents had successfully completed all required services. F.K. was not returned to Mother and Father because he did not consistently participate in services with his parents. F.K. did not participate in visitation and family counseling services because he did not feel safe with his parents. Shortly before the termination hearing, F.K. indicated that he wanted to be adopted by another family.

¶5          On a motion by DCS and after a contested termination hearing in August 2016, the superior court terminated Mother's parental rights based on abuse, neglect and the child's out-of-home placement for 15

months or longer, pursuant to Arizona Revised Statutes ("A.R.S.")[1] sections 8-533(B)(2) (2017), (B)(8)(c) (2017), respectively. The superior court terminated Father's parental rights on the same grounds as Mother, along with the additional ground of unfitness to parent due to a felony conviction. A.R.S. § 8-533(B)(4) (2017). Mother and Father timely appealed the superior court's final order. We have jurisdiction pursuant to A.R.S. §§ 8-235(A) (2017) and 12-2101(A) (2017).

## DISCUSSION

¶6　　　　Custody of one's children is a fundamental, but not absolute, right. *Michael J. v. Ariz. Dep't. of Econ. Sec.*, 196 Ariz. 246, 248, ¶ 12 (2000). The superior court may terminate a parent's rights upon clear and convincing evidence of one of the statutory grounds in A.R.S. § 8-533(B), and upon finding by a preponderance of the evidence that termination is in the best interests of the child. *Id*. at 248-49, ¶ 12. We review the superior court's termination order for an abuse of discretion; we will affirm the order unless its factual findings are clearly erroneous, "that is, unless there is no reasonable evidence to support them." *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 2 (App. 1998).

¶7　　　　Father does not contest the superior court's findings regarding the statutory grounds for termination.[2] Similarly, Mother does not dispute the superior court's findings against her on the grounds of abuse and neglect. The existence of any one of the enumerated grounds in § 8-533 is sufficient to justify termination. *Maricopa Cty. Juv. Action No. JS-6520*, 157 Ariz. 238, 242 (App. 1988); *see also Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002) ("If clear and convincing evidence supports any one of the statutory grounds on which the juvenile court ordered severance, we need not address claims pertaining to the other grounds."). Nevertheless, we have reviewed the superior court's findings and hold that it did not err in finding that Mother and Father neglected F.K., within the meaning of the severance statutes.

¶8　　　　Parental rights may be terminated when a parent has neglected or willfully abused a child. A.R.S. § 8-533(B)(2). Neglect is defined in part as "[t]he inability or unwillingness of a parent, guardian, or

---

[1] Absent material revisions after the relevant date, we cite a statute's current version.

[2] "Generally, we will consider an issue not raised in an appellant's opening brief as abandoned or conceded." *Robert Schalkenbach Found. v. Lincoln Found., Inc.*, 208 Ariz. 176, 180, ¶ 17 (App. 2004).

custodian of a child to provide that child with supervision … if that inability or unwillingness causes unreasonable risk of harm to the child's health or welfare."  A.R.S. § 8-201(25)(a) (2017).

**¶9**        The superior court found that Father neglected F.K. by his unwillingness to provide F.K. with proper parental supervision.  Instead of offering appropriate parenting, Father often employed harsh and unduly painful discipline to F.K.   The superior court held that Father's unwillingness to properly supervise F.K. caused an unreasonable risk to the child's welfare.   We conclude that reasonable evidence in the record supports the superior court's finding.

**¶10**        Regarding Mother, the superior court found that she neglected F.K. by her failure to protect him from Father's abusive conduct. By failing to remove F.K. from this environment, Mother demonstrated her unwillingness to properly supervise F.K.  Mother's inability to protect her son caused F.K. to suffer physical harm at the hands of Father.  Reasonable evidence in the record supports the superior court's finding that Mother neglected F.K.

**¶11**        Now, we turn to the superior court's findings that termination was in F.K.'s best interests.

**¶12**        Whether severance is in a child's best interest is a question of fact, and we view the evidence and draw all reasonable inferences from the evidence in favor of supporting the superior court's findings.  *Jesus M.*, 203 Ariz. at 282, ¶ 13.  A best-interests finding may be supported by evidence of an affirmative benefit to the child from severance or a detriment to the child if the relationship were to continue.  *Jennifer B. v. Ariz. Dep't of Econ. Sec.*, 189 Ariz. 533, 557 (App. 1997).  Being available for adoption is an affirmative benefit that can support a finding that termination is in the child's best interests.  *See Maricopa Cty. Juv. Action No. JS-501904*, 180 Ariz. 348, 352 (App. 1994).

**¶13**        Father challenges the superior court's finding that termination of his parental rights was in F.K.'s best interests.  Father claims that the superior court erred in its best interests finding because DCS was dilatory in providing visitation and family counseling services, arguing that if DCS provided more visitation and counseling, F.K. would be more willing to return to Father and Mother.  The superior court found that reunification services were provided to the parents and child in a timely manner and we conclude that reasonable evidence in the record supports that finding.

**¶14**         Next, Father contends that he made "significant behavioral changes" and no longer posed a danger to F.K.  The record reflects otherwise.  The superior court found that Father failed to adequately understand or acknowledge why F.K. was removed from the home and what parenting skills would be required to effectively care for F.K. if he were returned to Father's care.  Once again, we conclude that reasonable evidence in the record supports the superior court's finding.

**¶15**         Lastly, Father argues that the superior court erred in its best interest finding because he successfully completed reunification services and the only impediment to returning F.K. home was the child's unwillingness to reunify with his parents.  Father cites *Desiree S. v. Dep't of Child Safety*, 235 Ariz. 532 (App. 2014), in support of his argument.  *Desiree S.* is readily distinguishable from this case.  In *Desiree S.*, the juvenile refused to participate in family counseling and did not want to return to his mother's care because he feared that she would not be able to protect him from future abuse.  235 Ariz. at 534, ¶ 10.  This court held that the juvenile's refusal and subjective belief that his mother would be unable to protect him from future abuse, without more, was insufficient evidence to support the superior court's finding that mother could not parent the child in the near future.  *Id*. at 534-35, ¶ 11.  In the instant case, the superior court determined that F.K.'s unwillingness to engage in family counseling was not the sole basis for its termination finding.  Rather, the superior court properly found that in addition to F.K.'s unwillingness to engage in family counseling, the parents failed to demonstrate a full understanding as to why F.K. was brought into care and what would be necessary to safely parent him in the future.  Accordingly, reasonable evidence supported the superior court's determination that termination of Father's parental rights would be in F.K.'s best interests.

**¶16**         Mother also challenges the best interests finding by arguing that the superior court erred in finding that F.K. would derive a benefit from the termination of her parental rights.  This claim fails as well.  The record reflects that F.K. is adoptable, willing to be adopted, and currently in a potential adoptive placement.  Also, the superior court found that termination of the parent-child relationship would provide F.K. with a safe home that is free from abuse or neglect.  Additionally, as noted, F.K. has expressed his desire to be adopted.  Consequently, reasonable evidence supports the superior court's finding that termination of Mother's parental rights is in F.K.'s best interests.

**CONCLUSION**

**¶17** For the foregoing reasons, we affirm the superior court's order terminating the parental rights of Mother and Father.

