NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

EARL S., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, N.N., *Appellees*.

No. 1 CA-JV 16-0330
FILED 3-9-2017

Appeal from the Superior Court in Maricopa County
No. JD29597
The Honorable Alison Bachus, Judge

**AFFIRMED**

COUNSEL

David W. Bell Attorney at Law, Higley
By David Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

---

**M c M U R D I E**, Judge:

**¶1**         Earl S. ("Father") appeals the juvenile court's termination of his parental rights to N.N. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         Father and Brandy N. ("Mother") are the biological parents of N.N., born in August 2008.[1] In December 2014, the Department of Child Safety ("DCS") took temporary custody of N.N. after responding with Phoenix Police to a domestic disturbance at Father's apartment. DCS filed a dependency petition alleging N.N. was dependent as to Father because he had failed to protect N.N. from Mother's physical abuse, he was unable or unwilling to address his mental health, his abuse of illegal drugs, engaging in domestic violence with Mother, and was unable to provide basic needs for N.N. including a stable residence. N.N. was found dependent as to Father in February 2015 and the court confirmed the case plan of family reunification concurrent with severance and adoption. The court ordered services for Father including paternity testing, the appointment of a parent aide, psychiatric evaluation, substance abuse testing and treatment, and a referral for domestic violence services.

**¶3**         Father participated in some substance abuse testing with TASC, testing positive for methamphetamine in October 2015. In February 2016, one year after N.N. was determined dependent, Father had not yet established paternity and DCS filed a motion to terminate his parental rights on the grounds of mental illness, substance abuse, and time in out-of-home care pursuant to Arizona Revised Statutes ("A.R.S.") section 8-533(B)(3) and (8)(a). Father established paternity in April 2016, and tested positive for methamphetamine again in May 2016. In June 2016, Father completed a psychological evaluation which listed "diagnostic impressions" of amphetamine abuse, polysubstance abuse by history,

---

[1]     Mother's parental rights to N.N. were also severed in the same order, but she is not a party to this appeal.

bipolar disorder with psychotic features, schizoaffective disorder, and schizophrenia.

¶4        A two-day severance hearing took place in July and August 2016, after which the court granted the motion finding clear and convincing evidence of all three alleged grounds and that termination was in the child's best interests. The juvenile court also found DCS had made reasonable efforts to reunify the family and that further efforts to address Father's substance abuse and mental health issues would have been futile. Father timely appealed and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution; A.R.S. § 8-235(A) (2016); and Arizona Rule of Procedure for the Juvenile Court 103(A).[2]

## DISCUSSION

¶5        Father argues the juvenile court erred by finding: (1) DCS made reasonable efforts to provide reunification services related to N.N.'s out-of-home placement and Father's mental health; and (2) sufficient evidence existed proving Father had a history of chronic substance abuse.

¶6        To justify termination of Fathers' parental rights, the juvenile court is required to find the existence of at least one statutory ground by clear and convincing evidence. *Michael J. v. ADES*, 196 Ariz. 246, 249, ¶ 12 (2000). "The juvenile court . . . is in the best position to weigh the evidence, observe the parties, judge the credibility of the witnesses, and make appropriate findings." *Jesus M. v. ADES*, 203 Ariz. 278, 280, ¶ 4 (App. 2002). Therefore, we view the evidence in a severance case in the light most favorable to sustaining the juvenile court's findings. *ADES v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010).

¶7        Before a motion to sever parental rights under A.R.S. § 8-533(B)(3) is granted, the moving party must show "the parent is unable to discharge parental responsibilities because of mental illness [or a] mental deficiency . . . and that there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." *Denise R. v. ADES*, 221 Ariz. 92, 95, ¶ 11 (App. 2009) (quoting A.R.S. § 8-533(B)(3)). The court must also make a finding that severance would be in the child's best interests. *Jesus M.*, 203 Ariz. at 280, ¶ 3; A.R.S. § 8-533(B). Father does not contest the juvenile court's findings that he was unable to discharge his

---

[2]        Absent material revision after the relevant date, we cite a statute's current version.

parental responsibility due to mental illness, that there were reasonable grounds to believe his condition would continue, or that severance was in the child's best interests.[3] As a result, we do not review those findings.

**¶8**　　　　DCS also has an affirmative duty to make all reasonable efforts to preserve the family relationship. *Christina G. v. ADES*, 227 Ariz. 231, 234-35, ¶ 14 (App. 2011). This includes providing appropriate services to help reunify the family. *Id.* Father does not argue mental health services were not provided, but rather because visitation with the child was not provided, there was never a possibility to reunify the family.

**¶9**　　　　Father argues DCS must establish that "no other services could [have been] provided," *Pima County Severance Action No. S-2397*, 161 Ariz. 574, 577 (App. 1989). Father takes this rule out of context. The next sentence states, "Although the parent-child relationship should not be severed unless every effort has been made to preserve the relationship, [DCS] is *clearly not obligated to provide services which are futile*." *Id.* (emphasis added). DCS is "not required to provide services that are futile" or have no "reasonable prospect of success." *Christina G.*, 227 Ariz. at 235, ¶ 15. While visitation is a necessary step in the process of reunification, DCS is not required to provide, or attempt to provide visitation before a severance can take place. *See Christina G.*, 227 Ariz. at 235, ¶ 15 (DCS does not need to ensure that a parent participates in every service offered). If a parent is not participating in the court ordered services, it is within their discretion to withhold visitation with the child until those important steps are completed. *See Maricopa County Juvenile Action No. JD-5312*, 178 Ariz. 372, 375 (App. 1994) (once a right to visitation is at issue the superior court has broad discretion).

**¶10**　　　　In this case, the court ordered in the preliminary protective order that Father was to establish paternity and complete a psychological

---

[3]　　Father does state he "strongly disagrees" with the court's finding on his ability to exercise proper and effective parental control in the near future, but offers no argument or support on this issue, therefore it is waived. *See Christina G. v. ADES*, 227 Ariz. 231, 234, ¶ 14, n.6 (App. 2011) (failure to develop an argument usually results in abandonment and waiver of the issue) (citation omitted).

consultation before visitation with the child could begin.[4] Father's paternity was established in the court's minute entry 17 months after the preliminary protective order was issued, and Father completed the psychological evaluation 18 months after it was issued, only one month before the severance hearing was set to take place.[5] Accordingly, DCS was not required to initiate visitation with Father.

¶11        Because we accept the court's findings of fact unless clearly erroneous, we find the court did not err in severing Father's parental rights under A.R.S. § 8-533(B)(3). *See Maricopa County Juv. Action No. JS-501568*, 177 Ariz. 571, 576 (App. 1994). Accordingly, we need not address Father's other arguments on the grounds of chronic substance abuse. *See Jesus M.*, 203 Ariz. at 280, ¶ 3 ("If clear and convincing evidence supports any one of the statutory grounds on which the juvenile court ordered severance, we need not address claims pertaining to other grounds.").

## CONCLUSION

¶12        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[4]        There was testimony at the severance hearing that Father's visitation was withheld solely because N.N. did not want visitation with Father; however, other evidence was considered by the juvenile court in determining whether Father's visitation was appropriate. As a result, Father's reliance on *Desiree S. v. DCS*, 235 Ariz. 532, 534, ¶ 11 (App. 2014) (no evidence in the record supported the superior court's findings mother was unable to remedy the circumstances bringing her child into DCS's care or to parent her child) is distinguishable.

[5]        By the time the psychological evaluation was transmitted to DCS, only three weeks remained until the severance hearing.