NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LUIS C., *Appellant,*

*v.*

NICOLE T., A.C., *Appellees.*

No. 1 CA-JV 21-0006
FILED 6-3-2021

Appeal from the Superior Court in Maricopa County
No. JS 18980
The Honorable Todd F. Lang, Judge

**AFFIRMED**

COUNSEL

John L. Popilek, Scottsdale
*Counsel for Appellant*

Czop Law Firm PLLC, Higley
By Steven Czop
*Counsel for Appellees*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**C A M P B E L L**, Judge:

¶1        Luis C. ("Father") appeals the termination of his parental rights to his daughter Anne, arguing that Nicole T. ("Mother") failed to prove the statutory ground of abandonment.[1] *See* A.R.S. § 8-533(B). In Arizona, the superior court may terminate a parent's rights if it finds one of the statutory grounds for termination by clear and convincing evidence. A.R.S. §§ 8-533(B), -537(B). Here, the court found Father had abandoned Anne by clear and convincing evidence. For the following reasons, we affirm.

**BACKGROUND**[2]

¶2        Mother gave birth to Anne in 2007 while in a romantic relationship with Father. Father and Mother split up in 2009 and Mother moved back in with her parents, where she has lived ever since.

¶3        Anne spent each weekend with Father between 2009 and 2011. However, one weekend in 2011, Father arrived to pick up Anne intoxicated. Mother would not let Father take Anne that day but told him he could return the following weekend. Since that day, Father has not seen Anne.

¶4        Father was ordered to pay child support beginning in 2012 but made no payments until his wages were garnished in 2016. In 2019, the Department of Economic Security petitioned to enforce Father's child support obligations including the outstanding balance. The superior court entered a judgment against Father in the amount of $51,552.84 and ordered that he pay $400 a month toward the arrearage.

---

[1] A pseudonym is used to protect the identity of the child.

[2] We "view the evidence and reasonable inferences to be drawn from it in the light most favorable to sustaining the court's decision." *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (2009) (citations omitted).

**¶5**        In June 2020, Father asked Mother if she would exchange the waiver of his past due child support for the waiver of his parental rights to Anne. Mother refused, then petitioned the court to terminate Father's parental rights based on abandonment. After a contested termination hearing in December 2020, the superior court found that Father abandoned Anne and that termination was in her best interests. Father appeals.

## DISCUSSION

**¶6**        Parents have a "fundamental liberty interest in the care, custody, and management of their children." *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24 (2005) (citing *Santosky v. Kramer*, 455 U.S. 745, 753 (1982)). That right, however, is not absolute. Relevant here, the superior court may terminate a parent's rights if it finds by clear and convincing evidence that a parent has abandoned his child. A.R.S. § 8-533(B)(1). "Abandonment" is "the failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision." A.R.S. § 8-531(1). After finding a statutory ground for termination, the court must also find by a preponderance of the evidence that severance is in the child's best interests. *Sandra R. v. Dep't of Child Safety*, 248 Ariz. 224, 227, ¶ 12 (2020).

**¶7**        As the trier of fact in a termination proceeding, the superior court is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings. *Pima Cnty. Dependency Action No. 93511*, 154 Ariz. 543, 546 (App. 1987). "We will accept the [superior] court's findings of fact unless no reasonable evidence supports those findings, and we will affirm a severance order unless it is clearly erroneous." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002); *see also Desiree S. v. Dep't of Child Safety*, 235 Ariz. 532, 534, ¶ 7 (App. 2014) ("A ruling is clearly erroneous if unsupported by substantial evidence.").

**¶8**        Father argues that because Mother only offered her own testimony and did not provide other evidence to corroborate her version of events, she failed to prove abandonment by clear and convincing evidence. Father cites no legal authority to support this proposition.

**¶9**        Clear and convincing evidence is that which "makes the proposition to be proved 'highly probable or reasonably certain.'" *Denise R. v. Ariz. Dep't of Econ. Sec.*, 221 Ariz. 92, 93, ¶ 2 (App. 2009) (citation omitted). "[A] decision that must be based on clear and convincing evidence will be affirmed 'unless we must say as a matter of law that no one could

reasonably find the evidence to be clear and convincing.'" *Id.* at 94, ¶ 7 (citation omitted).

¶10        At the contested termination hearing, Father conceded that he has had no contact with Anne since 2011. Father also explained he was aware that children need financial support, but he acknowledged his failure to pay child support until forced to in 2016.

¶11        Father asserts his failure to maintain contact with Anne or provide financial support was justified because Mother curtailed his ability to do so. According to Father, Mother would not answer his phone calls, changed her phone number, would not answer the door when he went by the house, and he did not know, for a time, where Mother lived. As a result, Father argues, he had no way to contact Mother. Mother acknowledged she got a new phone number when she switched service providers. However, she also testified that she lived in the same house for her whole life and that she did nothing to obstruct Father's ability to find her. She also testified that she would have let Father pick Anne up if he tried.

¶12        The superior court rejected Father's version of events noting that Mother and child have resided at the maternal grandparents' house since the couple separated. While Father failed to maintain contact with Anne, his family members were able to remain in contact with the child, even visiting her in Mother's home. Further, it is undisputed that Father lived in maternal grandparents' home when Anne was born and that, between 2009 and 2011, Father picked Anne up weekly from that house for visits.

¶13        Father continued to live near Anne for much of her life. However, he never sought court intervention to enforce his right to see his child. *See Michael J. v. Ariz. Dept. of Econ. Sec.*, 196 Ariz. 246, 251, ¶ 25 (2000) ("The burden to act as a parent rests with the parent, who should assert his legal rights at the first and every opportunity."). To the contrary, despite his proximity, Father only began asking to see Anne again after Mother filed the petition to sever his parental rights. Ultimately, the superior court found Mother's testimony more credible. The record supports each of the court's findings. The court's conclusion is reasonable and supported by the record. Father has not challenged the court's best-interests finding. We therefore accept that finding and do not address it further. We affirm.

## CONCLUSION

**¶14** We affirm the superior court's termination of Father's parental rights to Anne.

